SEPT. 1797.<br>Blair<br>vs.<br>Valliant.

The defendant, by his counsel, objected to the same being read in evidence to the jury; because the said deed was not *acknowledged* by the said *Robert Vass*.

*Hammond*, for the plaintiff.

*Wright*, for the defendant.

The case of *Hoddy's Lessee vs. Harryman*, decided at May term, 1797, (a) was relied upon by the defendant's counsel.

GOLDSBOROUGH, Ch. J. (b) The court are of opinion, that the acknowledgment of the deed from *Robert Vass* to *William Murray* is sufficient; and that the copy of the said deed may be read in evidence to the jury for the purpose stated.

The defendant excepted. Verdict and judgment for the plaintiff. The defendant afterwards brought a writ of error; and the judgment of the general court was af- *firmed* in the court of appeals, at June term, 1800.

*Key*, for the plaintiff in error.

*Martin*, (attorney general,) for the defendant in error.

## GENERAL COURT, OCTOBER TERM, 1797.

### MAHONEY *vs.* ASHTON.

PETITION for freedom. The petition states the peti- tioner to be descended from a free woman named *Ann Joice*. The defendant pleaded, " that the said *Charles* is the proper slave of him the said *John, without this*, that the said *Charles* is a free man, and of free condition;

(a) *Ante* 3 *Vol.* 581.
(b) *Chase*, J. concurring.

Oct. 1797.

Mahoney
vs.
Ashton.

and this he is ready to verify; wherefore he prays judgment, if the said *Charles* his action aforesaid to have or maintain ought, &c." to which the petitioner replied, "that he, by any thing by the said *John* in his plea above pleaded, from having his action aforesaid against him ought not to be precluded, because he says, that he the said *Charles* is a free man, and of free condition; and this he prays may be inquired of by the country; and the said *John* in like manner, &c."

It was admitted at the trial by the parties, by their counsel, that *William Digges's Sue,* a mulatto woman, *David,* a carpenter, *Frank Herbert, Jack Wood,* and *Tom Crane,* all four mulatto men, were the children of *Joice,* who died at the Wood Yard, and who, together with her children above named, were in the possession of *Henry Darnell,* of Anne-Arundel county. That the above named *Sue* was the mother of *Warren's Polly, Hill's Nelly* and *Carroll's Sue.* That *Carroll's Sue* was the mother of *Nelly,* who was the mother of *Charles* and *Patrick Mahoney.*

1. The petitioner by his counsel, to support the issue on his part, offered to read to the jury the deposition of *Henry Davis,* which deposition was agreed to be read in evidence, except in the parts objected to. The defendant, by his counsel, objected to the reading of that part of the said *Davis's* deposition, to wit, in these words, "and he," (meaning the said *Henry Davis*) "has heard his uncle *David Davis* (who is deceased) say, that it was the report of the neighbourhood that if she (meaning *Joice*) had justice done her, she ought to have been free; and this he heard sundry times from his uncle when talking the matter over;" the same being incompetent and improper to be read to the jury.

THE COURT, [*Chase J. alone,*] overruled the said objection, and determined that the aforesaid part of the said deposition should be read to the jury; which was done accordingly. *The defendant* excepted.

2. THE PETITIONER also, in support of the issue, offered in evidence the deposition of *John Wheat*; but the COURT rejected a part of it as not legal evidence, because the same contained the opinions of persons uncoupled with the facts from whence their conclusions were drawn or opinions formed. THE COURT said, that opinions were not evidence; but that the facts upon which they were formed were evidence.

A *special verdict* was found, and the cause continued— *Vide October term* 1798.

*Johnson* and *Wilmer* for the petitioner.

*Martin* (attorney general,) *Cooke* and *Key,* for the defendant.